UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:19-cv-0578 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. LIDDELL, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se. This action proceeds on plaintiff's claims that defendants M. Liddell, R. Anderson, and R. Cross retaliated against plaintiff because he filed a civil rights complaint and a staff complaint at the prison level in violation of the First Amendment.[1] (See ECF No. 6 at 2.) On January 24, 2020, plaintiff filed a motion for summary judgment seeking partial liability on plaintiff's First Amendment retaliation claims, and arguing that plaintiff is excused from exhausting his administrative remedies because defendants prevented plaintiff from exhausting them. On February 12, 2020, defendants filed an opposition

---

[1] In addition, plaintiff declared under penalty of perjury that his administrative remedies were rendered unavailable by the actions of defendant Liddell, who instead of submitting the appeal to the prison appeals office, took the grievance to defendant Cross, who brought it back to plaintiff's cell and tore it up in front of plaintiff, telling plaintiff to "consider his complaint filed and his issues to be addressed, and corrected." (ECF No. 1 at 6.)

1

or, in the alternative, a request for extension of time. Defendants oppose plaintiff's motion on procedural grounds for the following reasons. First, the issue of administrative exhaustion is an affirmative defense that is more properly raised by defendants. Second plaintiff's motion is premature because discovery was still open, and defendants' opposition was due only three days after plaintiff's February 14, 2020 deposition. In the alternative, defendants seek an extension of time to oppose the motion because defendant Anderson is on military leave. (ECF No. 34 at 4.)

Plaintiff opposes defendants' opposition, claiming defendants could have noticed his deposition much earlier, but instead noticed the deposition one day after plaintiff's motion for summary judgment was entered on the court's docket, demonstrating that it is a simple delaying tactic. Plaintiff also objects that defendants' claim that they need additional time to investigate plaintiff's claims is disingenuous in light of their reasons for opting out of the early ADR project: "they conducted a thorough investigation into plaintiff's claims and decided to opt out of the ADR." (ECF No. 35 at 3.)

II. Legal Standard

Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56. Rule 56(d) allows a court to deny or postpone a motion for summary judgment "if the nonmoving party has not had an opportunity to make full discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

"To prevail [on a Rule 56(d) motion], parties opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citations and internal quotations

omitted). Courts generously grant Rule 56(d) motions, "unless the non-moving party has not diligently pursued discovery of the evidence." <u>Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation</u>, 323 F.3d 767, 773-74 (9th Cir.2003) (citations omitted).

The nonmoving party also must explain how the information sought could defeat summary judgment, but does not have to prove the discovery it seeks necessarily will do so. "Summary judgment should not be granted while [an] opposing party timely seeks discovery of potentially favorable information." <u>Garret v. City & Cnty. of S.F.</u>, 818 F.2d 1515, 1519 (9th Cir. 1987) (citation omitted). Finally, "[s]ummary denial [of a Rule 56(d) motion] is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests." <u>Burlington</u>, 323 F.3d at 775 (citations omitted).

III. <u>Discussion</u>

The undersigned finds plaintiff's motion for summary judgment was filed prematurely. Because discovery does not close until February 28, 2020, and the deposition transcript will not be available for weeks following plaintiff's deposition, it would be premature to grant summary judgment. <u>Texas Partners v. Conrock Co.</u>, 685 F.2d 1116, 1119 (9th Cir. 1982) ("[Plaintiffs] should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment, because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion." (citing former Rule 56(e)) (citations and internal quotation marks omitted)); <u>Zell v. InterCapital Income Sec., Inc.</u>, 675 F.2d 1041, 1049 (9th Cir. 1982) (reversing grant of summary judgment as premature before "plaintiff ha[d] been afforded reasonable discovery"); <u>S.E.C. v. Liberty Capital Group, Inc.</u>, 75 F. Supp. 2d 1160, 1164 (W.D. Wash. 1999) (denying government's motion for summary judgment filed before the close of discovery as premature because the court "prefer[red]" to give non-movants the opportunity to oppose "on a more developed record," although the court was "skeptical that discovery [was] likely to produce exonerating evidence"); <u>United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California</u>, 2014 WL 3704041, at *3 (N.D. Cal. 2014) (where the court "recently extended all case deadlines, including discovery deadlines . . . the [c]ourt would be spinning its

3

wheels by considering a summary judgment motion when the parties have not had time to develop an adequate factual record").

Moreover, although defendants raised plaintiff's alleged failure to exhaust administrative remedies in their answer, defendants acknowledge that during plaintiff's deposition, in addition to questioning plaintiff about the merits of his claims, defendants intended to question plaintiff about the exhaustion of administrative remedies.  Also, because the failure to exhaust administrative remedies is an affirmative defense, defendants bear the burden of raising and proving the absence of exhaustion by motion.  At the time plaintiff filed the instant motion, defendants had not yet made an adequate record following plaintiff's deposition in order to determine whether they would be filing a dispositive motion on exhaustion grounds.  Indeed, if defendants choose not to file a motion on exhaustion grounds, it would be a waste of judicial resources to address plaintiff's arguments concerning exhaustion.

The court overrules plaintiff's objections that plaintiff could have been deposed during the 120 day stay while the defendants investigated plaintiff's claims to determine whether participation in an early settlement conference would have been fruitful.  The parties were specifically ordered that they "shall not engage in formal discovery."  (ECF No. 15 at 3.)  Thus, defendants could not have deposed plaintiff during such stay.  In addition, the informal investigation performed by the parties in an effort to determine whether an early settlement conference is warranted is different from formal discovery.  Also, defendants were entitled to notice plaintiff's deposition within the discovery period, so long as the notice conformed with the court's discovery and scheduling order.  Often depositions are scheduled close to the discovery deadline in order to ensure that other discovery responses are received and can be used to question the deponent.  Absent facts not presented by plaintiff, the undersigned cannot find that defendants are attempting to inappropriately delay or gain a tactical advantage by their Rule 56(d) request.  Finally, any delay is minimal because the parties had until May 22, 2020, in which to file dispositive motions in any event.

The undersigned finds that plaintiff's motion is premature and should be denied without prejudice to renewal because discovery had not yet concluded at the time the motion was filed.

"Rule 56(f) gives a court broad discretion to hear or defer ruling on an early summary judgment motion when the opposing party objects to the motion as premature." S.E.C., 75 F.Supp.2d at 1164. Moreover, because one of the defendants is absent on military leave until February 18, 2020 at the earliest, and preparation of the deposition transcript will take a few weeks, plaintiff is directed to refrain from renewing any motion for summary judgment until after April 1, 2020. At that time, plaintiff may renew his motion for summary judgment, or he may opt to include his arguments in his opposition to defendants' motion for summary judgment, if any. In any event, the pretrial motions deadline remains set for May 22, 2020. (ECF No. 30 at 5.)

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 33) be denied without prejudice to renewal after April 1, 2020.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 27, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0578.den