UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No.  2:19-cv-0578 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. LIDELL, et al., | |
| Defendants. | |

I.  Introduction

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis.  This action proceeds on plaintiff's retaliation claims against defendants Liddell, Anderson and Cross. Plaintiff's motion for summary judgment on the merits is before the court.  As set forth more fully below, the undersigned finds that plaintiff's motion should be denied.

II.  Plaintiff's Claims

In his verified complaint, plaintiff alleges that defendants Liddell, Anderson and Cross retaliated against plaintiff because he filed a civil rights complaint and a staff complaint at the prison level.  Plaintiff alleges that such defendants retaliated against plaintiff by confiscating his typewriter.

////

////

1

1   III.   <u>Standards Governing Motions for Summary Judgment</u>

2          A.   <u>General Legal Standards</u>

3          Summary judgment is appropriate when it is demonstrated that the standard set forth in

4   Federal Rule of Civil procedure 56 is met.  "The court shall grant summary judgment if the

5   movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

6   judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]the moving party always bears the

7   initial responsibility of informing the district court of the basis for its motion, and identifying

8   those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

9   together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

10  of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting then-numbered

11  Fed. R. Civ. P. 56(c)).  "Where the nonmoving party bears the burden of proof at trial, the moving

12  party need only prove that there is an absence of evidence to support the non-moving party's

13  case."  <u>Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)</u>,

14  627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp.</u>, 477 U.S. at 325); <u>see also</u> Fed. R. Civ. P.

15  56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have

16  the trial burden of production may rely on a showing that a party who does have the trial burden

17  cannot produce admissible evidence to carry its burden as to the fact").  Indeed, summary

18  judgment should be entered, after adequate time for discovery and upon motion, against a party

19  who fails to make a showing sufficient to establish the existence of an element essential to that

20  party's case, and on which that party will bear the burden of proof at trial.  <u>Celotex Corp.</u>, 477

21  U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving

22  party's case necessarily renders all other facts immaterial."  <u>Id.</u> at 323.

23          Consequently, if the moving party meets its initial responsibility, the burden then shifts to

24  the opposing party to establish that a genuine issue as to any material fact actually exists.  <u>See</u>

25  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In attempting to

26  establish the existence of such a factual dispute, the opposing party may not rely upon the

27  allegations or denials of its pleadings, but is required to tender evidence of specific facts in the

28  form of affidavits, and/or admissible discovery material in support of its contention that such a

2

1    dispute exists.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party

2    must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

3    of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

4    (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

5    1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return

6    a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436

7    (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d

8    1564, 1575 (9th Cir. 1990).

9          In the endeavor to establish the existence of a factual dispute, the opposing party need not

10   establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

11   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

12   trial."  T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary judgment is to 'pierce

13   the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

14   Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

15   amendments).

16         In resolving a summary judgment motion, the court examines the pleadings, depositions,

17   answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R.

18   Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Liberty Lobby, Inc., 477

19   U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court

20   must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless,

21   inferences are not drawn out of the air, and it is the opposing party's obligation to produce a

22   factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines,

23   602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally,

24   to demonstrate a genuine issue, the opposing party "must do more than simply show that there is

25   some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could

26   not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

27   trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

28   ////

                                                        3

On April 19, 2019, and by contemporaneous notice provided on May 19, 2020 (ECF No. 40-1), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

IV.  Undisputed Facts ("UDF")[1]

1. In March 2019, plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"); plaintiff was housed at California State Prison, Sacramento ("CSP-SAC") in Administrative Segregation ("Ad Seg") in Short Term Restricted Housing ("STRH") at the time of the alleged violations at issue herein.

2. Disputed.  Plaintiff contends that on March 29, 2019, defendant Liddell became aware that plaintiff was filing a lawsuit against defendant Cross by reading the legal documents that the law librarian was delivering to plaintiff at his cell.[2]  Inmate Vega declares that he saw (a) defendant Liddell approach plaintiff's cell around 8:00 a.m. on March 29, 2019, accompanied by law library staff; (b) defendant Liddell receive papers from the law library staff; (c) defendant Liddell read such papers.  (ECF No. 39 at 26.)

Defendant Liddell declares that he did not read the documents the law librarian delivered to plaintiff on March 29, 2019, and was not aware on March 29, 2019, that plaintiff had filed a lawsuit against defendants Cross or Anderson.  (ECF No. 44-3 at 2.)

3. Disputed.  Around 8:20 a.m. on March 29, 2019, plaintiff declares that defendant Anderson approached plaintiff's cell and said

---

[1]  For purposes of summary judgment, the undersigned finds the following facts are undisputed, unless noted otherwise.

[2]  Plaintiff declares that defendant Liddell read plaintiff's legal documents entitled 42 U.S.C. § 1983 civil rights form, and that defendant Liddell verbally confirmed to plaintiff that the documents were legal and was a 42 U.S.C. § 1983 form.  (ECF No. 39 at 4.)  Plaintiff also declares that his Exhibit A is actual § 1983 form handed to plaintiff on March 29, 2019.  (Id.)  However, plaintiff's Exhibit A (two pages) is not a civil rights complaint, but rather a Clerk's "Notice of Case Filing Under E-Filing Program, that provides plaintiff's case information: Kareem J. Howell v. R. Cross, Case No. 2:19-cv-00544, and confirms that plaintiff's "civil complaint was submitted and filed on 3/28/19."  (ECF No. 39 at 11.)  The second page is a letter from the Clerk advising plaintiff of procedures and certain local rules.  (ECF No. 39 at 12.)

4

> So inmate Howell is suing us huh.  Well, I'm telling you.  You're making things worse on yourself.  That's why you got assaulted the other day because no one likes you man.
>
> Well, I'm going to go speak with Captain R. Cross and see what we can do about you because the first ass kicking didn't do a bit of good.

(ECF No. 39 at 4-5.)  Inmate Vega declares he heard Anderson say such words to plaintiff on March 29, 2019, around 8:30 a.m.  (ECF No. 39 at 26.)

Defendant Anderson denies ever speaking such words to plaintiff.  (ECF No. 44-4 at 2.)

4.  Defendants Cross and Anderson authorized the confiscation of plaintiff's typewriter, and defendant Liddell was directed to confiscate it.  On March 29, 2019, defendant Liddell confiscated plaintiff's typewriter from plaintiff's cell.

5.  Disputed.  Plaintiff contends that the typewriter was confiscated to retaliate against plaintiff for the lawsuit he had filed against defendants Cross and Anderson because defendant Liddell informed Cross and Anderson that plaintiff was suing them.

Defendants contend defendant Liddell was directed to confiscate plaintiff's typewriter because plaintiff was housed in ad-seg, and ad-seg inmates were not permitted to have typewriters in their cells, citing the CDCR Operations Manual ("DOM") inmate property matrix, "Registerable Property for ASU/SHU/PSU Male Inmates," p.44 (2014) (ECF No. 44-5 at 16).  Defendants Cross and Anderson further declare that at the time they directed the confiscation, they were unaware of plaintiff's alleged lawsuit against them, and no one told them about the alleged lawsuit either on or before March 29, 2019.

6.  All three defendants declare that on or about March 29, 2019, inmates housed in the ad seg housing unit where plaintiff was housed while at CSP-Sacramento in March and April 2019, were not permitted to have typewriters in their cells, pursuant to the Department Operations Manual, Inmate Property Matrix.  (ECF Nos. 44-4 at 1-2; 44-3 at 2; 44-5 at 2; ECF No. 44-5 at 5-16 (matrix); 16.)[3]

---

[3]  Plaintiff declares that his personal typewriter was issued to him by prison staff.  (ECF No. 39 at 30.)  Defendant Cross declares that if a prison staff member issued plaintiff a typewriter in ad seg, the staff member did so in violation of the DOM matrix applicable to inmates housed in ad seg.  (ECF No. 44-5 at 2.)  Further, defendant Cross was not aware of any procedures enabling

1  V.  Plaintiff's Motion for Summary Judgment

2         As set forth above, plaintiff alleges that defendants Liddell, Anderson and Cross retaliated

3  against plaintiff because he filed a civil rights complaint and a staff complaint at the prison level.

4  The court will first set forth the legal standards governing retaliation claims, and will then address

5  plaintiff's claims.

6         A.  Legal Standards Governing Retaliation Claims

7         It is well established that "[p]risoners have a First Amendment right to file grievances

8  against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d

9  1108, 1114 (9th Cir. 2012).  "Within the prison context, a viable claim of retaliation entails five

10  basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

11  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

12  exercise of his First Amendment or other rights, and (5) the action did not reasonably advance a

13  legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

14  (footnote and citations omitted).  To prove the second element, retaliatory motive, plaintiff must

15  show that his protected activities were a "substantial" or "motivating" factor behind the

16  defendant's challenged conduct.  Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting

17  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).  Plaintiff must provide

18  direct or circumstantial evidence of a defendant's alleged retaliatory motive; mere speculation is

19  not sufficient.  See McCollum v. Cal. Dep't of Corr. and Rehab., 647 F.3d 870, 882-83 (9th Cir.

20  2011); accord Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014).  In addition to demonstrating

21  defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may

22  include:  (1) proximity in time between the protected conduct and the alleged retaliation; (2)

23  defendant's expressed opposition to the protected conduct; and (3) other evidence showing that

24  defendant's reasons for the challenged action were false or pretextual.  McCollum, 647 F.3d at

25  882 (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)).

26  _____

27  exceptions to such prohibition, and Cross is not aware of any exception being made for plaintiff, and has seen no paperwork permitting such exception to plaintiff.  (ECF No. 44-5 at 2-3.)  In his motion briefing, plaintiff submitted no evidence demonstrating he was granted an exception to the

28  typewriter prohibition in ad seg.  Thus this fact is undisputed.

1    Retaliation claims brought by prisoners must be evaluated in light of concerns over

2  "excessive judicial involvement in day-to-day prison management, which 'often squander[s]

3  judicial resources with little offsetting benefit to anyone.'"  Pratt v. Rowland, 65 F.3d 802, 807

4  (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)).  In particular, courts

5  should "'afford appropriate deference and flexibility' to prison officials in the evaluation of

6  proffered legitimate penological reasons for conduct alleged to be retaliatory."  Id. (quoting

7  Sandin, 515 U.S. at 482).

8    B.  Discussion

9    The record reflects multiple disputes of fact that preclude entry of summary judgment for

10  plaintiff, partial or otherwise.  Plaintiff's motion is largely based on his version of the events,

11  supported by inmate Vega's declaration.  However, defendants dispute plaintiff's version of the

12  events with their own declarations.  In his reply, plaintiff contends that the defendants'

13  declarations are "self-serving" and "completely fabricated."  (ECF No. 45 at 2.)  However, the

14  veracity of any of the witnesses' declarations is a question for the jury.  The undersigned does not

15  evaluate credibility at summary judgment.

16    Plaintiff objects to the relevance of the Department Operations Manual Inmate Property

17  Matrix (hereafter "matrix"), appended to defendant Cross' declaration.  (ECF No. 45 at 2.)

18  Plaintiff appears to contend that the matrix did not exist at the time of the incident, apparently

19  relying on the cover sheet notation, "Updated Through January 1, 2020."  (ECF No. 44-5 at 5.)

20  However, the section governing the inmate property matrix is clearly dated "Rev[ised] 4/1/14)" at

21  the top, as well as at the bottom of each page.  (ECF No. 44-5 at 6-16.)  Plaintiff adduced no

22  evidence demonstrating the matrix was revised prior to the March 29, 2019 incident at issue here.

23    Plaintiff also contends that the matrix is not relevant because it does not specifically

24  address the short-term housing unit where plaintiff was housed at the time of the incident.  (ECF

25  No. 45 at 2.)  But plaintiff adduced no evidence rebutting defendants' evidence demonstrating

26  that the matrix did apply to plaintiff's housing at the time of the incident at issue.  (UDF 6.)

27  ////

28  ////

7

1  Finally, the relevance of such matrix is directed to the fifth element of a retaliation claim:

2  whether the confiscation of the typewriter reasonably advanced a legitimate correctional goal.

3  Rhodes, 408 F.3d at 567-68.  Plaintiff did not address the substance of that argument.

4  For all of the above reasons, the undersigned recommends that plaintiff's motion for

5  summary judgment be denied.

6  VII.  Conclusion

7  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for summary

8  judgment (ECF No. 39) be denied.

9  These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one** days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  February 3, 2021

18

19  KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

20  /howe0578.pl.msj

21

22

23

24

25

26

27

28

8