UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:19-cv-0578 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. LIDDELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 26, 2021, the district court adopted the February 4, 2021 findings and recommendations. Accordingly, this matter is set for an evidentiary hearing with respect to whether plaintiff exhausted his administrative remedies. (See ECF No. 51.) The procedures for the evidentiary hearing are set forth herein.

A. Witnesses

On or before forty-five days prior to the hearing, the parties shall provide witness lists. Each party may call any witness designated by the other.

1. No other witness will be permitted to testify unless:

   a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

1

      b. The witness was not discovered after the exchange of witnesses and the proferring party makes the showing required in "2" below.

    2. Within the thirty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

      a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

      b. The court and the opposing party were promptly notified upon discovery of the witnesses;

      c. If time permitted, the party proferred the witnesses for deposition; or

      d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

The procedures for plaintiff to obtain witnesses at the evidentiary hearing are the same as those set forth in the November 8, 2019 scheduling order. The undersigned repeats those procedures herein.

    I.  <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend the evidentiary hearing to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

    1.    The prospective witness is willing to attend; and

    2. The prospective witness has actual knowledge of relevant facts.

Forty-five days prior to the evidentiary hearing, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the evidentiary hearing

////

must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of the evidentiary hearing. The motion must:

    1. State the name, CDC Identification number, and address of each such witness; and

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

Or

    2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts;

Or

    2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

3

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, forty-five days prior to the evidentiary hearing, the party should submit a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of the evidentiary hearing. No action need be sought or obtained from the court.

IV. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, forty-five days before the evidentiary hearing, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court). Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the <u>daily witness fee of $40.00</u> plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the <u>full amount of the witness' travel expenses plus the daily witness fee of $40.00</u>. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the

4

tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

      V. <u>Potential Witness Released from Custody</u>

With his opposition to the motion for summary judgment, plaintiff provided two inmate declarations. (ECF No. 51 at 7-8.) The inmate locator for the CDCR shows that inmate Mark A. Hunt, F-60076, is no longer in CDCR custody. Accordingly, counsel for defendants shall provide the court with Mr. Hunt's last known address.

      B. <u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits thirty days prior to the evidentiary hearing. Any objections to the exhibits may be raised at the hearing.

    1. No other exhibits will be permitted to be introduced unless:

        a. The party proferring the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

        b. The exhibit was discovered after the exchange of exhibits and the proferring party makes the showing required in Paragraph "2" below.

    2. Within the fifteen-day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proferring party demonstrates:

        a. The exhibits could not reasonably have been discovered earlier;

        b. The court and the opposing party were promptly informed of their existence; or

        c. The proferring party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proferring party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

      C. <u>Evidentiary Hearing</u>

The U.S. Courthouse is currently closed to the public due to the current COVID-19 pandemic. Thus, along with their witness lists, the parties shall also inform the court whether

////

anyone has an objection to the court holding the evidentiary hearing by Zoom, or whether the hearing should be delayed until it can be held in person.

     Accordingly, IT IS HEREBY ORDERED that an evidentiary hearing is set for July 6, 2021, at 9:00 a.m., before the undersigned; the parties shall prepare for the hearing in accordance with the terms set forth in this order.

Dated: March 31, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0578.evi