UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:19-cv-0578 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. LIDDELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On March 31, 2021, the undersigned set this matter for evidentiary hearing on July 6, 2021, and ordered the parties to file related briefing. Defendants filed their witness list, stating they preferred holding the evidentiary hearing in person rather than by Zoom due to the anticipated number of exhibits and the attendance of multiple witnesses. Plaintiff did not file a witness list. However, on April 12, 2021, plaintiff filed a notice of change of address in which he states that he has not received any court orders since February 6, 2021. As discussed below, the evidentiary hearing is continued, and certain orders are re-served on plaintiff.

A. The Evidentiary Hearing

In light of the party's recent filings, the evidentiary hearing is continued to October 4, 2021, at 9:00 a.m., in Courtroom #25, U.S. District Court, 501 I Street, Sacramento, CA 95814. Because it appears plaintiff did not receive the prior order, and the hearing is being continued,

revised procedures for the evidentiary hearing are set forth below.

B. <u>Witnesses</u>

On or before forty-five days prior to the hearing, the parties shall provide witness lists. Each party may call any witness designated by the other.

    1. No other witness will be permitted to testify unless:

        a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

        b. The witness was not discovered after the exchange of witnesses and the proffering party makes the showing required in "2" below.

    2. Within the thirty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of any unlisted witness so that the court may consider at the evidentiary hearing whether such witnesses shall be permitted to testify. The witnesses will not be permitted unless:

        a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

        b. The court and the opposing party were promptly notified upon discovery of the witnesses;

        c. If time permitted, the party proffered the witnesses for deposition; or

        d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

The procedures for plaintiff to obtain witnesses at the evidentiary hearing are the same as those set forth in the November 8, 2019 scheduling order. The undersigned repeats those procedures herein.

    I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend the evidentiary hearing to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied

that:

    1.    The prospective witness is willing to attend;

    and

    2. The prospective witness has actual knowledge of relevant facts.

Forty-five days prior to the evidentiary hearing, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the evidentiary hearing must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of the evidentiary hearing. The motion must:

    1. State the name, CDC Identification number, and address of each such witness;

    and

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

    Or

    2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts;

    Or

3

        2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

        II. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, forty-five days prior to the evidentiary hearing, the party should submit a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

        III. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of the evidentiary hearing. No action need be sought or obtained from the court.

        IV. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, forty-five days before the evidentiary hearing, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court). Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case

of an unincarcerated witness, the appropriate sum of money is the <u>daily witness fee of $40.00</u> plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the <u>full amount of the witness' travel expenses plus the daily witness fee of $40.00</u>. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

### V. Plaintiff's Potential Witnesses

With his opposition to the motion for summary judgment, plaintiff provided inmate declarations from Moises Vega, AX-5503, and Mark A. Hunt, F-60076. (ECF No. 46 at 25-26; 28.) Mr. Vega is presently housed at California State Prison, Sacramento, P.O. Box 290001, Represa, CA 95671. The inmate locator for the CDCR confirms that Mr. Hunt is no longer in CDCR custody. Counsel for defendants provided the undersigned's courtroom deputy Mr. Hunt's last known address, as well as Mr. Hunt's parole officer's phone number. Unlike Mr. Vega's declaration, Mr. Hunt stated in his declaration that he would be willing to come to court if asked. Because plaintiff is likely not allowed to correspond with a parolee, or vice versa, the court will separately notify Mr. Hunt of the date and time for the evidentiary hearing if plaintiff identifies Mr. Hunt as a witness for the evidentiary hearing.

C. Exhibits, Schedules and Summaries

Both parties shall exchange copies of their exhibits forty-five days prior to the evidentiary hearing. Any objections to the exhibits may be raised at the hearing.

1. No other exhibits will be permitted to be introduced unless:

    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2" below.

2. Within the fifteen-day period prior to the evidentiary hearing, the parties shall

promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing party were promptly informed of their existence; or

    c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

### D. Copies of Orders

In his letter dated March 27, 2021, plaintiff states that he received no orders since February 6, 2021. (ECF No. 55.) However, on March 31, 2021, the district court's March 26, 2021 order (ECF No. 52) was re-served on plaintiff's new address, and likely crossed in the mail with plaintiff's March 27, 2021 letter. Thus, such order will not be re-served. It is unclear whether plaintiff received the February 4, 2021 findings and recommendations and order. (ECF Nos. 50, 51.) In an abundance of caution, the Clerk of the Court is directed to re-serve copies of the following documents on plaintiff: February 4, 2021 findings and recommendations (ECF No. 50); February 4, 2021 order (ECF No. 51); and March 31, 2021 order (ECF No. 54).

Accordingly, IT IS HEREBY ORDERED that:

1. The evidentiary hearing is continued to October 4, 2021, at 9:00 a.m., in Courtroom #25, before the undersigned. The parties are to prepare for the hearing and meet the required deadlines as set forth above.

2. The Clerk of the Court is directed to re-serve copies of the following documents on plaintiff: February 4, 2021 findings and recommendations (ECF No. 50); February 4, 2021 order (ECF No. 51); and March 31, 2021 order (ECF No. 54).

Dated: June 4, 2021

/howe0578.evi2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE